UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | No. 2:13-cv-0876 KJM CKD |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SEKOU STRIVERS, | |
| Defendant. | |

Presently before the court is plaintiff's application for default judgment. This matter was submitted without oral argument. The undersigned has fully considered the briefs and record in this case and, for the reasons stated below, will recommend that plaintiff's application for default judgment be granted.

BACKGROUND

Plaintiff J&J Sports Productions, Inc. is a closed-circuit distributor of sports and entertainment programming. Defendant operated a restaurant called "Sekou's BBQ Fried Chicken and Seafood Restaurant" located on Bercut Dr. in Sacramento, California. Plaintiff purchased and retains the commercial exhibition licensing rights to "Floyd Mayweather, Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program," which was broadcast on Saturday, May 5, 2012 ("The Program"). Defendant intercepted and exhibited the program in the commercial establishment referred to above without authorization to do so.

1

The record reflects that defendant Strivers was properly served with process on August 29, 2013.  ECF No. 9, 16.  Default was entered against defendant Strivers on September 26, 2013.  On November 6, 2013, plaintiff filed its motion for default judgment with a proof of service reflecting service of the motion on defendant at the address where defendant was served with process.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for entry of default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing.  Dundee, 722 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also  James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion.  Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  The court is free to consider a variety of factors in exercising its discretion.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  Among the factors that may be considered by the court are (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

ANALYSIS

I. Whether Default Judgment Should Be Entered

The factual allegations of plaintiff's complaint, taken as true pursuant to the entry of default against defendants, and the affidavits submitted in support of the motion for summary judgment establish the following circumstances: (1) defendant is the owner, operator, licensee, permitee, person in charge, or person with control over the commercial establishment at issue in this action; (2) plaintiff purchased and retains the commercial exhibition licensing rights to the Program; (3) plaintiff entered into sublicensing agreements with various commercial entities by which it granted those entities limited sublicensing rights to exhibit the Program to their patrons within their establishments; (4) as a commercial distributor of sporting events, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the program to its customers; (5) with full knowledge that the program was not to be intercepted, received, and exhibited by unauthorized entities, defendant exhibited the program and did so willfully and for purposes of commercial or private gain at both locations; and (6) defendant violated either 47 U.S.C. § 553 or 47 U.S.C. § 605.

In the motion for default judgment, plaintiff seeks enhanced statutory damages for willful violation of the Communications Act, 47 U.S.C. § 605.[1] Under section 605, statutory damages may be awarded between $1,000 and $10,000 for violation of the Federal Communications Act and up to $100,000 when the violation "was committed willfully and for purposes of direct or indirect commercial advantage or financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). Because defendant has not appeared in this action and plaintiff has been precluded from conducting

---

[1] In the complaint, plaintiff also seeks damages for willful violation of the Cable & Television Consumer Protection & Competition Act, 47 U.S.C. § 553. Statutory damages are allowed under section 553 of $250 to $10,000 or up to $50,000 for willful violations. 47 U.S.C. § 553(c)(3). Damages may not be awarded under both section 605 and 553. See J & J Sports Productions, Inc. v. Manzano, NO. C 08-01872 RMW, 2008 WL 4542962, at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast. But he cannot violate both by a single act of interception."); see also J & J Sports Productions, Inc. v. Ro, No. C 09-02860 WHA, 2010 WL 668065, at *3 (N.D. Cal. Feb. 19, 2010); J & J Sports Productions, Inc. v. Prado, No. 2:07-cv-02104 GEB DAD, 2008 WL 822159, at *3 (E.D. Cal. Mar. 27, 2008); Kingvision Pay Per View, Ltd., v. Williams, 1 F. Supp. 2d 1481, 1484 (S.D. Ga. 1998).

discovery, the precise means of transmission cannot be ascertained.  At a minimum, however, plaintiff's complaint and evidence support a conclusion that defendant intercepted, without authorization, a transmission of the Program and broadcast it to its patrons.  Plaintiff should not be prejudiced by defendant's failure to appear or defend itself in this action and the court concludes, therefore, that statutory damages should be awarded under section 605.

After weighing the Eitel factors, the undersigned finds that the material allegations of the complaint support plaintiff's claims.  Plaintiff will be prejudiced if default judgment is denied because plaintiff has no other recourse for recovery of the damages suffered due to the defendants' failure to pay for the right to exhibit the Program.

In light of the entry of default against the defendants, there is no apparent possibility of a dispute concerning the material facts underlying the action.  Nor is there any indication that the defendant's default resulted from excusable neglect, as defendant was properly served with plaintiff's pleading and plaintiff's request for entry of default and motion for default judgment were also served on defendant at the same address where service of summons was effectuated.  Defendant has had ample notice of plaintiff's intent to pursue a default judgment against him.

Although public policy generally favors the resolution of a case on its merits, the defendants' failure to make a proper appearance and defend against plaintiff's claims has made a decision on the merits impossible in this case.  Because most of the Eitel factors weigh in plaintiff's favor, the undersigned, while recognizing the public policy favoring decisions on the merits, will recommend that default judgment be entered against the defaulted defendant.

II.  Terms of Judgment to Be Entered

After determining that entry of default judgment is warranted, the court must next determine the terms of the judgment.  Upon consideration of all of plaintiff's briefing, the undersigned will recommend that damages be awarded but not in the amount requested.

By its motion for default judgment, plaintiff seeks a judgment in the total amount of $114,200.00.  That sum consists of $110,000 for the violation of Title 47 and $4,200 for the tort of conversion.  Granting or denying default judgment is within the court's sound discretion, and one of the factors the court is free to consider in exercising its discretion is the sum of money at

1  stake. See J & J Sports Productions, Inc. v. Betancourt, No. 08cv937 JLS (POR), 2009 WL
2  3416431, at *3 (S.D. Cal. Oct. 20, 2009).

3      The affidavit of the investigator, David Callaway, establishes that defendant broadcast the
4  program to the restaurant patrons, that there were eight screens in the establishment on which the
5  Program was displayed (with screen sizes of approximately 25-30 inches), that the capacity of the
6  restaurant was 150-200 people and that at the time of the broadcast, the number of patrons was
7  estimated to be 100-120 patrons. At a later time during the broadcast, there were approximately
8  150 patrons. A cover charge of $15.00 was required to enter the establishment. It appears
9  defendant may be a repeat violator. See Joe Hand Promotions, Inc. v. Strivers, et al., (E.D. Cal.)
10 case no. 2:13-cv-0937 LKK AC. Under these circumstances, the court finds enhanced statutory
11 damages should be awarded and that default judgment in the amount of $40,000 is appropriate.

12     In his declaration in support of the motion for default judgment, counsel indicates that
13 plaintiff also seeks the award of $4,200 in damages for the state law tort of conversion,
14 representing the amount defendant would have paid plaintiff to show the Program lawfully
15 according to the rate card for the event. The undersigned will not recommend an award of
16 damages with respect to plaintiff's conversion claim. The statutory damages provisions at issue
17 serve not only a deterrent function, see J & J Sports Prods. v. Orellana, No. 08-05468 CW, 2010
18 WL 1576447, at *3 (N.D. Cal. Apr. 19, 2010) (unpublished), but also a compensatory function,
19 which is evidenced by provisions that permit the award of statutory damages or actual damages in
20 a civil action. See 47 U.S.C. § 605(e)(3)(C)(I); 47 U.S.C. § 553(c)(3)(A)(i). Here, the
21 recommended award in the amount of $40,000 sufficiently compensates plaintiff. See J & J
22 Sports Productions, Inc. v. Ferreyra, No. C 08-128 LKK KJM, 2008 WL 4104315, at *1 (E.D.
23 Cal. Aug. 28, 2008) ("Inasmuch as plaintiff seeks statutory damages rather than actual damages,
24 plaintiff's request for damages for conversion should be denied.").

25     Finally, although the prayer for relief in the complaint indicates that plaintiff seeks an
26 award of costs and attorney fees, the motion for default judgment does not contain any argument
27 in support of such a request. Moreover, no evidence of costs or attorney fees incurred was
28 submitted to the court in connection with the pending motion. Accordingly, the court will not

recommend an award of costs and attorney's fees.

CONCLUSION

For the reasons set forth above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 12) be granted;

2. Judgment be entered against the defendant Sekou Strivers d/b/a/ Sekou's BBQ Fried Chicken and Seafood Restaurant in the sum of $40,000; and

3. This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 26, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 j&jsports-strivers876.def